UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:15-CR-14 |
| | § | |
| JORGE  PULIDO-HERNANDEZ | § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

Jorge Pulido-Hernandez (Defendant) is charged in a single-count indictment (D.E. 10) with illegal reentry into the United States in violation of Title 8 United States Code §§ 1326(a) and 1326(b).  Defendant waived his right to a trial by jury.  D.E. 16.  On April 15, 2015, a bench  trial  was  held.   After  hearing  the  evidence,  the  Court  finds  that Defendant violated § 1326(a) of Title 8 of the United States Code, and finds him guilty of the  offense  of  illegal  reentry.   In  accordance  with  Federal  Rule  of  Criminal  Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law.  Any findings of fact that are more properly construed as a conclusion of law shall be so construed and vice versa.

## FINDINGS OF FACT

1.  On December 9, 2014, Border Patrol agents apprehended Defendant at a Border Patrol checkpoint located in Kenedy County, Texas.

2.  Defendant  waived  his  *Miranda*  rights  voluntarily  and  gave  a  sworn  statement. Government's Exhibits 1 & 2.

1 / 5

3.   Defendant admitted that: (1) he was a citizen of Mexico; (2) he had previously been ordered removed from the United States; and (3) he had not applied to the Attorney General for permission to reenter the United States after having been deported.  Government's Exhibit 2.

4.   At trial, the Government introduced contents of Defendant's alien file, or "A-file."  An A-file contains an alien's immigration records.  Government's Exhibits 3-14.

5.   After reviewing Defendant's A-file, Border Patrol Agent Roberto Pina confirmed that Defendant had been previously deported on multiple occasions.

6.   Agent Pina testified that Defendant's A-file did not contain evidence that Defendant had applied for or received permission to return to the United States lawfully from either the Attorney General or the Secretary of the Department of Homeland Security.

7.   Defendant's A-file shows that he was ordered removed on: (1) October 17, 2014; (2) October 23, 2014; (3) October 27, 2014; and (4) November 9, 2014.  Government's Exhibits 5-14.

8.   On October 28, 2014, Defendant entered a plea of guilty to the offense of illegal entry into the United States in violation of Title 8 United States Code § 1325(a)(1).  Government's Exhibit 15.

9.   On November 10, 2014, Defendant entered a plea of guilty to the offense of illegal entry into the United States in violation of Title 8 United States Code § 1325(a)(1).  Government's Exhibit 16.

10. Defendant introduced an I-130 petition[1] filed by Defendant's father (the petitioner) on September 7, 1993, on behalf of Defendant's mother (the beneficiary).  Defendant's Exhibit 1.

11. The I-130 petition named Defendant as one of five children identified as traveling applicants.  *Id.* at 6.

12. On October 15, 1993, the Transitional Immigration Visa Processing Center informed the mother/beneficiary that visa numbers were not presently available for her use because there were more applicants for visas than there were immigrant visa numbers available under the limitation prescribed by law.  *Id.* at 4.

13. There is no evidence that the I-130 petition was ever granted or that Defendant's immigration status was ever adjusted to permanent status.

14. This Court finds that Defendant is a citizen of Mexico, and his immigration status in the United States was never adjusted to permanent status.

## <u>CONCLUSIONS OF LAW</u>

1. The indictment charges that on or about December 9, 2014, Defendant,

> an alien who had previously been denied admission, excluded, deported and removed, knowingly and unlawfully was present in the United States having been found at or near Kenedy County, Texas, without having obtained consent to reapply for admission into the United States from the Attorney General of the United States or the Secretary of the Department of Homeland Security . . . [i]n violation of Title 8, United States Code, Sections 1326(a) and 1326(b).

D.E. 10.

---

[1]   A Form I-130 petition is the application United States citizens or permanent residents file to sponsor family members for permanent residency.

2.  Title 8 United States Code § 1326(a) provides:

> [A]ny alien who—
> (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
> (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act,
> shall be fined under Title 18, or imprisoned not more than 2 years, or both.

3.  Section 1326(a) requires proof of four elements to obtain a conviction: "(1) alienage, (2) arrest and deportation, (3) reentry into or unlawful presence in the United States, and (4) lack of the Attorney General's consent to reenter." *United States v. Flores-Peraza*, 58 F.3d 164, 166 (5th Cir. 1995) (citing *United States v. Cardenas-Alvarez*, 987 F.2d 1129, 1131-32 (5th Cir. 1993)).

4.  This Court concludes that the Government has proven beyond a reasonable doubt that Defendant was an alien at the time alleged in the indictment; that Defendant previously had been deported from the United States; that thereafter Defendant was found present unlawfully in the United States; and that Defendant had not received the consent of the Attorney General or the Secretary of the Department of Homeland Security to apply for readmission since the time of Defendant's previous deportation.

5.  As a result, the Court finds that Defendant violated Title 8 United States Code § 1326(a), and is guilty of the offense of illegal reentry.

ORDERED this 17th day of April, 2015.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE